```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

EGGS 'N THINGS INTERNATIONAL  )    CIVIL NO. 11-00626 LEK-KSC
HOLDINGS PTE. LTD., ET AL.,   )
                              )
          Petitioners,        )
                              )
     vs.                      )
                              )
ENT HOLDINGS LLC,             )
                              )
          Respondent.         )
_____)
```

**ORDER TO UNSEAL ORDER GRANTING PETITIONERS' MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR ATTORNEYS' FEES**

On February 17, 2012, this Court filed its Order Granting Petitioners' Motion to Remand for Lack of Subject Matter Jurisdiction and for Attorneys' Fees ("Order") temporarily under seal. [Dkt. no. 54.] Also on that date, this Court filed an EO stating that the Court was inclined to file publicly a copy of the Order with **limited** redactions and to maintain the unredacted version of the Order under seal ("EO"). [Dkt. no. 53.] The Court directed the parties to meet and confer regarding what portions of the Order should be redacted and to provide the Court with proposed redactions. The parties were unable to come to an agreement on the proposed redactions. On February 27, 2012, Petitioners Eggs 'N Things International Holdings Pte. Ltd., a Singapore private limited company, Eggs 'N Things Japan, K.K., a Japan company, and Kouta Matsuda (collectively "Petitioners")

filed a statement of position regarding the EO ("Petitioners' Statement"). Petitioners submitted their proposed redactions to the Court with their courtesy copies of Petitioners' Statement. Also on February 27, 2012, Respondent ENT Holdings LLC, a Hawai`i limited liability company ("ENT Hawaii") filed its Submission of Proposed Redacted Order.

## **DISCUSSION**

There a strong presumption of public access to judicial records and documents, which also extends to dispositive motions. In order to seal a dispositive motion and its attachments or a court order ruling on a dispositive motion, the party seeking to seal the document must establish "compelling reasons" for sealing all, or even a portion, of the document. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006). A motion for remand is a dispositive motion. Cf. PSC Indus. Outsourcing, LP v. Burlington Ins. Co., Civ. No. 10-00751 ACK-BMK, 2011 WL 1793333, at *3 (D. Hawai`i May 10, 2011) ("This Court treats a motion to remand as a dispositive motion, requiring the issuance of a findings and recommendation by the magistrate judge." (citing Keown v. Tudor Ins. Co., 621 F. Supp. 2d 1025, 1029 (D. Haw. 2008); Sylvester v. Menu Foods, Inc., Civ. No. 07-00409 ACK-KSC, 2007 WL 4291024, at *2 (D. Haw. Dec. 5, 2007)). Thus, to the extent that the parties wish to seal any portion of the Order, they must establish compelling reasons to

do so.  Some examples of compelling reasons include: compliance with a Hawai`i Supreme Court ruling that decisions of the Medical Claim Conciliation Panel are confidential; Parks v. Watkins, Civil No. 11-00304 SOM/KSC, 2011 WL 3439936, at *2-3 (D. Hawai`i Aug. 5, 2011); the need to protect confidential medical records; Abbey v. Hawaii Emp'rs Mut. Ins. Co., 760 F. Supp. 2d 1005, 1013 (D. Hawai`i 2010); and where the documents "might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets"; Kamakana, 447 F.3d at 1179 (citations and internal quotation marks omitted).

As pointed out in Petitioners' Statement, "the primary basis for the Magistrate Judge's Orders permitting sealing portions of the record and redactions thusfar has been an agreement between the parties (*i.e.*, Section 12 of the License Agreement)."  [Petitioners' Statement at 3.]  For example, in its motion seeking to seal the petition to confirm the arbitration awards, ENT Hawaii relied upon the provision in the parties' License Agreement governing confidentiality of dispute resolution proceedings.  [ENT Hawaii's Ex Parte Motion to File Exh. "1" in Supp. of the Notice of Removal Under Seal, Decl. of Philip R. Brown, filed 10/18/11 (dkt. no. 2-1).[1]]  The fact that parties

---

[1] The magistrate judge granted ENT Hawaii's ex parte motion on October 19, 2011.  [Dkt. no. 7.]

3

agreed to the confidentiality of certain documents, however, does not alone constitute a compelling reason.  See Kamakana, 447 F.3d at 1182-83 & n.9 (affirming the magistrate judge's refusal to seal documents attached to summary judgment motions even though the documents were sealed pursuant to the parties' stipulated protective order).

Having considered the record as a whole, the Court CONCLUDES that there are no compelling reasons to seal any portion of this Court's Order.

## **CONCLUSION**

On the basis of the foregoing, this Court HEREBY ORDERS that this Court's Order Granting Petitioners' Motion to Remand for Lack of Subject Matter Jurisdiction and for Attorneys' Fees, filed temporarily under seal on February 17, 2012, [dkt. no. 54,] be UNSEALED in its entirety.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 29, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EGGS 'N THINGS INT'L HOLDINGS PTE. LTD., ET AL. V. ENT HOLDINGS LLC; CIVIL NO. 11-00626 LEK-KSC; ORDER TO UNSEAL ORDER GRANTING PETITIONERS' MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR ATTORNEYS' FEES**