IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EGGS 'N THINGS INTERNATIONAL HOLDINGS PTE, LTD.; EGGS 'N THINGS JAPAN, K.K.; KOUTA MATSUDA, <br><br> Petitioners, <br><br> vs. <br><br> ENT HOLDINGS LLC, <br><br> Respondent. | CIVIL NO. 11-00626 LEK-KSC <br><br> FINDINGS AND RECOMMENDATION REGARDING AWARD OF ATTORNEYS' FEES AND COSTS |

FINDINGS AND RECOMMENDATION REGARDING
AWARD OF ATTORNEYS' FEES AND COSTS

On February 17, 2012, U.S. District Judge Leslie Kobayashi issued an Order Granting Petitioners' Motion to Remand for Lack of Subject Matter Jurisdiction and for Attorneys' Fees ("Order") (Doc. No. 54), wherein she granted Petitioners' request for removal related expenses, including attorneys' fees, because Respondent lacked an objectively reasonable basis for seeking removal. Order at 36. Judge Kobayashi referred the determination of the amount of the award to this Court.

Petitioners request $46,024.58 in fees and tax and $171.94 in costs for work completed by Alston Hunt Floyd & Ing, and $2,531.25 for work completed by pro hac vice counsel Christopher Evans. Based on a review of the parties' submissions, the Court finds that Petitioners reasonably and necessarily incurred **$22,755.75** in attorneys' fees and tax, and **$171.94** in costs in connection with the removal of this action.

A.  Counsel's Hourly Rates

Petitioners' counsel requests the following hourly rates: Paul Alston - $495; Glenn Melchinger - $275; Christopher Evans (pro hac vice counsel) - $281.25;[1] Benjamin Zalman (law clerk) - $125; and Kelly Guadagno (paralegal) - $125. In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable

---

[1] Petitioners initially requested an hourly rate of $375 for Mr. Evans, but have clarified that they seek an hourly rate of $281.25, which is the rate found reasonable by the Arbitrator.

hourly rate should reflect the prevailing market rates in the community. See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation. Based on this Court's knowledge of the community's prevailing rates, the hourly rates generally granted by the Court, and the Court's familiarity with this case, the requested hourly rates are slightly excessive. Accordingly the Court hereby adjusts said hourly rates and finds that the following rates are reasonable: Mr. Alston - $395;

Mr. Melchinger - $240; Mr. Evans - $250; Mr. Zalman - $100; and Ms. Guadagno - $80.

B. <u>Reasonable Hours Expended</u>

Petitioners submit that their counsel expended 170.30 hours[2] in this matter from October 18, 2011 through March 2, 2012. After carefully reviewing counsel's timesheets, the Court finds that reductions are necessary for duplicate work,[3] excessive billing,[4]

---

[2] This includes Alston Hunt Floyd & Ing's hours, as well as Mr. Evan's hours. Alston Hunt Floyd & Ing claims to have expended 161.3 hours. However, page 14 of Exhibit B contains an error and the total should be 160.3 hours.

[3] The Court reduces the attorneys' hours for meetings, discussions, and other communications, for which multiple attorneys billed. The general rule is that two professionals cannot bill for attending the same meeting. <u>Brandon E. v. Dep't of Educ., State of Hawaii</u>, No. CV 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008). Thus, when a party's counsel meet with one other, the Court deducts the duplicative time billed. <u>Id.</u>; <u>In re Mullins</u>, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two lowest-billing attorneys where three attorneys billed time spent attending a meeting together)).

[4] Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. <u>Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-34 (1983)). District court findings about matters such as the redundancy of the hours claimed are given considerable deference.

insufficient descriptions,[5] clerical work,[6] and matters

---

Davis v. City & County of San Francisco, 976 F.2d 1536, 1544 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993) (quoting Hensley, 461 U.S. at 437).

[5] Local Rule 54.3(d)(2) requires that the "party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." Local Rule 54.3(d)(2). Local Rule 54.3(d)(2) additionally provides:

> [C]ounsel should be sensitive to matters giving rise to attorney-client privilege and attorney work product doctrine, but must nevertheless **furnish an adequate non-privileged description of the services in question.** If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly. For example, the time entries for telephone conferences must include an identification of all participants and the reason for the call; entries for legal research must include an identification of the specific issue researched and, if possible, should identify the pleading or document for which the research was necessary.

Local Rule 54.3(d)(2) (emphasis added). Here, a number of entries do not include the subject matter of the task. For example, Mr. Melchinger's 11/7/11 entry states "email from and to W. Fabro of P. Brown's office." Decl. of Glenn T. Melchinger, Ex. B. at 3. Similarly, Mr. Melchinger's 12/22/11 time entry states "telephone conference with C. Evans." Id. at 4.

5

unrelated to the removal of this action.[7] Applying the

---

[6] Some of counsel's time entries reflect billing for clerical/ministerial work, i.e., communication with the Court, reviewing court filing and other notices, and are therefore non-compensable. "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." Jeremiah B. v. Dep't of Educ., Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)). Tasks such as reviewing Court-generated notices, notifying clients of court hearings, filing documents with the Court, communication with court staff, scheduling, and corresponding regarding deadlines, are clerical and not compensable. Id. (finding that entries for communications about, and internal office management of, hearing dates and due dates are clerical in nature); Nicholas M. ex rel. Laura M. v. Dep't of Educ., Haw., Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010) (finding that tasks such as informing a client that a document has been filed or informing client of a hearing date is clerical or ministerial); Haw. Carpenters Trust Funds v. Cosier Const., Inc., Civil No. CV 08-00442 SOM-LEK, 2009 WL 291188, at *3 (D. Haw. Feb. 03, 2009) (finding that review of district court filing notices are clerical and non-compensable); Bandalan v. Castle & Cooke Resorts, LLC, Civil No. 07-00591 DAE-LEK, 2009 WL 1955328, at *5 (D. Haw. June 30, 2009) (clerical tasks include reviewing notices of the date and time for motions hearings and notices of filing deadlines); Young v. Geico Indem. Co., Civ. No. 08-00171 JMS/KSC, 2009 WL 3049640, at *8 (D. Haw. Sept. 23, 2009) (communications with the court are clerical and not compensable).

[7] The Court finds that the time incurred in connection with garnishment issues and the motion to

reductions for the aforementioned billing practices, the Court concludes that the hours reasonably expended by counsel are as follows: Mr. Alston - 6.25 hours; Mr. Melchinger - 74.1 hours; Mr. Evans - 1.9 hours;[8] Mr. Zalman - 2.6 hours ; and Ms. Guadagno - 9.3 hours.

The Court is satisfied that Petitioners have established the appropriateness of the following attorneys' fees incurred in connection with the removal of this action:

| **NAME** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Paul Alston | 6.25 | $395.00 | $2,468.75 |
| Glenn Melchinger | 74.1 | $240.00 | $17,784.00 |
| Christopher Evans | 1.9 | $250.00 | $475.00 |
| Benjamin Zalman | 2.6 | $100.00 | $260.00 |

vacate is not compensable because these issues would have been litigated regardless of whether this case was removed to federal court.

[8] Although Respondent contends that Mr. Evans' hours should be denied in their entirety because he is general counsel and a client representative, the Court finds that some of his hours are compensable because he is counsel of record. Moreover, Petitioners have explained that Mr. Evans is a partner in his own firm and is not Petitioners' in-house counsel.

| Kelly Guadagno | 9.3 | $80.00 | $744.00 |
| **TAX (4.712%)** | | | $1,024.00 |
| **TOTALS** | 94.15 | | $22,755.75 |

The Court therefore recommends that the district court award Petitioners **$22,755.75** in attorneys' fees and tax.

C. Costs

In addition to attorneys' fees, Petitioners are entitled to recover costs. Petitioners request $171.94 in costs. The Court finds that the requested costs are manifestly reasonable and were incurred in connection with the removal. As such, Petitioners are entitled to recover **$171.94** in costs.

Based on the foregoing, the Court recommends that the district court award Petitioners **$22,755.75** in attorneys' fees and tax and **$171.94** in costs pursuant to 28 U.S.C. § 1447(c).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, March 20, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

EGGS 'N THINGS INT'L HOLDINGS PTE, LTD., ET AL. V. ENT HOLDINGS LLC, CV 11-00626 LEK-KSC; FINDINGS AND RECOMMENDATION REGARDING AWARD OF ATTORNEYS' FEES AND COSTS